## 10797

### SMITH *ET AL.* v. WHITMIRE

APPEAL AND ERROR—MOTION FOR DIRECTION OF VERDICT HELD NECESSARY UNDER UNDISPUTED FACTS.—In a real estate broker's action for commissions, brought under express contract for having procured a customer ready, able, and willing to purchase, where under the evidence no recovery could be had on an express contract because plaintiff admittedly never carried out its terms, nor on implied contract because it had not been pleaded, and because the jury found the existence of an express contract, defendant should have moved for a directed verdict; and where he did not, and verdict went against him, he cannot complain.

Before MAULDIN, J., Greenville, September, 1921. Affirmed.

Action by H. Frank Smith and S. M. Beam, partners as Smith & Beam, against E. N. Whitmire. Judgment for plaintiffs and defendant appeals.

*Messrs. Martin & Blythe,* for appellant, cite: *Agent not entitled to commission unless he makes sale on terms stipulated by seller*: 4 R. C. L., 314; 43 N. W. 1146, (Neb.); 102 N. W., 499, (Iowa); 31 S. W. 232, (Mo.). *Express contract excludes implied contract*: 68 S. C., 218; 1 Strob. L., 407; 1 S. C., 277; 48 S. C., 306; 13 C. J., 243.

*Mr. B. A. Morgan,* for respondents, cites: *Principal cannot prevent recovery of commissions by changing terms originally proposed*: 4 R. C. L., Sec. 60, p. 323; Id., Sec. 59, p. 332. *Broker was only employed to effect a sale and he did all he was called upon to do*: 86 S. C., 80. *No motion for nonsuit or directed verdict and question cannot now be considered*: Rule 77, Cir. Ct.

December 19, 1921.

The opinion of the Court was delivered by Mʀ. Jᴜsᴛɪᴄᴇ Fʀᴀsᴇʀ.

The appellant's argument contains the following statement:

"The facts are plain, and there is very little conflict. Assuming that the slight difference is settled against appellant by the verdict of the jury, and taking the plaintiffs-respondents' own statement as true, can he maintain his action? Stating the evidence most strongly against appellant, it presents substantially this case: Plaintiff Smith is a real estate broker in Greenville, the defendant, Whitmire, an employee of the Textile Bank; one day last summer Smith saw Whitmire at his place of business, and there was some talk about Smith's selling for Whitmire two lots, one vacant lot and one lot with a house on it; Smith says Whitmire authorized him to sell both lots for $6,500, the lot with the

house on it for $5,750, and agreed to pay him 5 per cent. commission; Smith understood that this was to be cash, and admits that he was not authorized to make any other terms; Smith suggested that Whitmire list the property but Whitmire stated that there was no use, and did not do so; no time was fixed for the expiration of the alleged agreement of the owner with broker.

"A little afterwards, during the month of August, Smith had a customer, Reeves, who was looking at another place, which place proved unsatisfactory to Reeves; Smith then took Reeves to Whitmire, and introduced him as a probable customer for the property that Smith was to try to sell for Whitmire; Whitmire says that Smith was authorized to sell only for $6,750, and Reeves says that Smith named that price to him, and that Whitmire also named that price to him when he and Smith together went to Whitmire. However that may be, we must take as settled by the verdict of the jury Smith's claim that Whitmire had authorized him to sell for $6,500 (both lots).

"At any rate, Reeves' first visit (when Smith was along) brought no results; Reeves went away and later decided to come back and see Whitmire again; he went to see Smith, but Smith was gone, and Reeves went to Whitmire alone; Smith says that he saw Reeves before he went back and told him that he could go ahead by himself, and there was no use for him to go then. Reeves then went alone to Whitmire, and after some discussion bought two lots for $6,500; however, he was unable to pay cash, and they agreed on terms, $500, $60 a month from that time, August, 1920, to June, 1921, when Reeves was to pay the balance and was to get a deed.

"The action was on express contract; there was no claim on *quantum meruit* for implied contract; the verdict of the jury fixed the fact that there was an express contract. It seems quite clear that the verdict cannot be sustained: (1) Plaintiff cannot recover on express contract for

the reason that admittedly he never carried out the terms of that contract, which is necessary before there will be any basis of recovery; (2) plaintiff could not recover upon implied contract (*quantum meruit*), first, because there was no such cause of action in the complaint, and, second, because such cause of action could not be maintained, there being, as found by the jury in this case, an express contract between the landowner and the broker."

It is very manifest that from this statement the appellant should have moved for a direction of a verdict. Where the undisputed facts entitle a party to a verdict, the question must be made on circuit by a motion for a nonsuit or a directed verdict.

Besides this, the case was tried upon the question as a question of fact. Was the plaintiff "the efficient cause in finding a purchaser?" The appellant submits the issue, and it was the issue in the case. On that issue the appellant lost.

The judgment is affirmed.